**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | |
|---|---|
| GT PERFORMANCE GROUP, LLC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KOYO USA, CORP. doing business as DEEP ) <br> SEA WATER MAHALO, ) <br> ) <br> Defendant. ) | No. 4:12-cv-00083-TWP-TAB |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on Defendant Koyo USA, Corp.'s ("Koyo") Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), (3), and (6), or in the alternative, to Transfer the Case. (Dkt. 21). Plaintiff GT Performance Group, LLC ("GT Performance") brought this breach of contract action against Koyo for allegedly breaching the terms of a brokerage agreement. (Dkt. 1). Koyo argues that this Court lacks personal jurisdiction, that venue is improper, and that GT Performance has failed to state a claim upon which relief may be granted. For the reasons set forth below, Koyo's motion is **DENIED**.

## I.   BACKGROUND

The following facts are taken from GT Performance's Complaint and are accepted as true for purposes of this motion to dismiss. GT Performance is an Indiana Limited Liability Company located in Cross Plains, Indiana. Koyo is a Hawaii corporation located in Kailua Kona, Hawaii that operates under the name Deep Sea Water Mahalo. On May 15, 2011, GT Performance and Koyo entered into a Master Exclusive Brokerage Agreement (the "Agreement"). Under the terms of the Agreement, Koyo would supply "deep sea" filtered and bottled water which GT

1

Performance would promote and distribute throughout the United States, Canada and Mexico (the "Territory"). As part of the Agreement, Koyo provided $200,000 to GT Performance for "administrative and support expenses." Dkt. 1 at 2. In addition, GT Performance alleges that it expended $100,000 of "its own funds, time, human resources and goodwill to establish a distribution network" for Koyo's products throughout the Territory. *Id.* GT Performance asserts that this amount is in addition to the $200,000 provided by Koyo.

On May 18, 2011, unbeknownst to GT Performance, the Hawaii Department of Health ("HDOH") initiated an investigation of Koyo and concluded that violations of Koyo's state permit resulted in the sale and/or distribution of "adulterated" bottled water products. By September 2011, the HDOH had issued an order fining Koyo in the amount of $5,044,193. GT Performance alleges that these events constituted a material breach of the Agreement by Koyo. GT Performance alleges that because of this breach, potential customers refused to purchase Koyo's products after learning of the HDOH action, resulting in a loss to GT Performance of expenses and potential revenue. Additional facts will be addressed below as appropriate.

## II.     DISCUSSION

Koyo asserts three bases for dismissal or transfer of this case. First, Koyo argues that the Court lacks personal jurisdiction under Rule 12(b)(2) because Koyo is a Hawaiian corporation with no employees or offices outside of Hawaii, and up until this Agreement, its sales have solely been in Hawaii and Asia. Second, Koyo argues that venue is improper, warranting dismissal under Rule 12(b)(3), or that the case should be transferred to Hawaii under 28 U.S.C. § 1404(a) because trying the case in Indiana would pose an undue burden and violate Due Process. Third, Koyo argues that the case should be dismissed under Rule 12(b)(6) for failure to state a claim, alleging that GT Performance has suffered no injury and its claims are frivolous.

A.  **Rule 12(b)(2)**

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking.  After a defendant moves to dismiss under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).  Where the court determines personal jurisdiction based only on reference to submissions of written materials, the plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).  In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts.  *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010).  If the defendant has submitted evidence in opposition to the implementation of jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 782-83.  The evidence submitted by the defendant may include affidavits unless the affidavits merely contain conclusory assertions that the court lacks personal jurisdiction over the defendant.  *Id.* at 783 n.13 (citing *Meier ex. rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).  Thus, the court may go outside of the pleadings to decide a 12(b)(2) motion.

Koyo argues that this Court lacks personal jurisdiction because Koyo does not conduct business in Indiana.  However, GT Performance argues that Koyo contractually consented to the jurisdiction of this Court.  The Agreement states in Paragraph 8.15, "[i]f either party files for mediation or any other court function, the court in the state of the party that files shall be used."  Dkt. 1-1 at 9.  The Seventh Circuit has held that forum selection clauses may form a basis for personal jurisdiction, and courts will treat such clauses "basically like any other contractual

3

provision and [will] enforce it unless it is subject to any of the sorts of infirmity, such as fraud and mistake, that justify a court's refusing to enforce a contract." *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 610 (7th Cir. 2006) (additional citations omitted). Contrary to Koyo's argument that Paragraph 8.15 is "vague and unusual" and is thus unenforceable, the Court finds that Paragraph 8.15 of the Agreement is a forum selection clause that mandates that the state in which the filing party is located—in this case, GT Performance in Indiana—is the agreed upon jurisdiction. Koyo does not provide any other possible interpretation of this paragraph, and the Court cannot discern one either.

Forum selection clauses are presumptively enforceable unless the moving party proves it is unreasonable; thus, Koyo may avoid enforcement of the forum selection clause only if it can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud and overreaching." *Flexcel, Inc. v. COS 404, Inc.*, 458 F. Supp. 2d 935, 939 (S.D. Ind. 2006) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). GT Performance submitted an affidavit from company president Gary Trout stating that Koyo modified the contract to add the forum selection clause, which Koyo does not dispute in its Reply. Dkt. 28-1 at 1. Koyo has presented no evidence that the clause is invalid due to fraud, undue influence, or would violate public policy; the fact that Koyo drafted the provision weighs heavily against such a finding even if Koyo were to make such an argument. Koyo consciously and willingly agreed to this provision and should have known that if GT Performance were to file a lawsuit, it could potentially be filed in Indiana. Thus, the Court finds that Koyo has waived personal jurisdiction and has consented to the jurisdiction of the courts in Indiana.

Even if this Court were to find that the forum selection clause in the Agreement was invalid, there are still sufficient minimum contacts between Koyo and Indiana such that the

Court has personal jurisdiction. In *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757 (7th Cir. 2008), the Seventh Circuit examined the exercise of specific personal jurisdiction over a defendant whose primary connection with the forum state was its contract with the plaintiff, a resident of that state. Emphasizing that the contract involved a continuing obligation and continuing contacts with the forum-based company and that the contract was for a continuing service rather than a discrete set of goods to be sent into the forum, the court found that exercising personal jurisdiction was proper. *Id.* at 763. According to the *Citadel* court, "[w]hile the formation of the contract alone is not sufficient to confer personal jurisdiction on [a defendant,] the parties had continuing obligations and repeated contacts" that sufficed for personal jurisdiction. *Id.* "At some point, a party's contacts must cross the threshold from offending due process to sufficient minimum contacts," and in *Citadel,* the defendant's contacts crossed that threshold. *Id.*

The ongoing nature of the interstate business relationship between Koyo and GT Performance is key to the minimum contacts analysis in this case. As *Citadel* emphasized, the boundary of personal jurisdiction is crossed when the defendant "should have reasonably anticipated being haled into court" in the forum, because "the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The Agreement involved an ongoing relationship between Koyo and GT Performance—not merely a one-time transaction—and Koyo's products have been shipped to and stored in a warehouse in Indiana and distributed in Indiana. Dkt. 28-1 at 3. The Court finds that Koyo has sufficiently availed itself of the laws of this forum such that this Court has personal jurisdiction, both by

contract and under the minimum contacts with the state, and Koyo's motion to dismiss for lack of personal jurisdiction is **DENIED**.

    B.  Rule 12(b)(3)

When ruling on a Rule 12(b)(3) motion to dismiss for improper venue, the district court is not obligated to limit its consideration to the pleadings nor to convert the motion to one for summary judgment, and, contrary to ruling on a Rule 12(b)(6) motion, may properly consider materials outside of the complaint and its attachments. *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). Title 28, United States Code § 1391(b) provides that a civil action may be brought, *inter alia*, in any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to the action. As stated above, the Court has personal jurisdiction over Koyo both under the forum selection clause in the Agreement and the minimum contacts analysis; thus, the venue is proper and Koyo's motion to dismiss for improper venue is **DENIED**.

Alternatively, Koyo asks the Court to transfer this case to Hawaii because the Southern District of Indiana is an inconvenient forum. Koyo makes an argument under the principle of *forum non conveniens*; however, *forum non conveniens* is a common law principle that predates 28 U.S.C. § 1404. Section 1404 is the proper standard to apply between interstate transfers within the United States, while *forum non conveniens* is only proper for international disputes. *Am. Commercial Lines, LLC v. Ne. Maritime Inst., Inc.*, 588 F. Supp. 2d 935, 944 (S.D. Ind. 2008). Title 28, United States Code § 1404(a) states in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought." The moving party bears the burden of establishing that the transferee forum is clearly more convenient. *Vlabruna Stainless,*

*Inc. v. ADT Sec. Svcs., Inc.*, No. 1:10-CV-00077-WCL-RBC, 2010 WL 2772324, at *1 (N.D. Ind. July 12, 2010).

While this case could have been properly brought in Hawaii, the circumstances do not warrant transfer to that forum. Courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum; however, "[w]here the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). While it is likely that some of the witnesses in this case may be located in Hawaii, it is equally likely that some witnesses will be in Indiana and Ohio. Under these circumstances, the facts do not weigh in favor of disregarding the plaintiff's choice of forum. Therefore, Koyo's motion to transfer is **DENIED**.

    **C. Rule 12(b)(6)**

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations contained in the complaint, as well as the inferences reasonably drawn therefrom. *See Baxter by Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). A dismissal is only appropriate if the plaintiff can establish no set of facts, even if hypothesized, consistent with the allegations of its complaint that would entitle it to relief. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), *cert. denied*, 516 U.S. 1159 (1996). Moreover, the court must only examine the complaint and not the merits of the lawsuit. *See Autry v. Nw. Premium Svcs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Unlike ruling on a Rule 12(b)(2) or 12(b)(3) motion, the Court may only consider the Complaint and any documents attached thereto; to consider materials outside the pleadings would convert the motion to one for summary judgment in accordance with Rule

12(d). The Court declines to consider any of the outside materials attached to Koyo's motion, and focuses only upon the sufficiency of the Complaint.

Koyo asserts that GT Performance has suffered no injury and that the action is "frivolous." However, Koyo supports these arguments with references to documents attached to its brief in support of its motion to dismiss, including sales sheets, HDOH website screen shots, declarations, and news releases. Dkt. 22. Koyo's arguments and exhibits all go to the merits of GT Performance's claim, not the sufficiency of its Complaint. The only exhibits which the Court may properly consider are Exhibits 3 and 4, as these are copies of the Complaint and the Agreement which was attached to the Complaint. Dkts. 22-3 and 22-4.

Accepting all of the facts pleaded by GT Performance in the Complaint as true for purposes of this Rule 12(b)(6) motion, GT Performance has sufficiently alleged that it lost $100,000 in expenses and $6,750,000 in potential revenue that it would have been entitled to under the Agreement (which is, consistent with the Complaint, fifteen percent of the anticipated gross sales of $45,000,000 and is not, contrary to Koyo's assertion, an "Alice-in-Wonderland" calculation that exceeds gross revenues). GT Performance has also sufficiently alleged that its loss was due to Koyo's material breach of the Agreement, which states in Paragraph 8.5 that each party "shall comply with the provisions of all applicable federal, state and local laws, regulations, rules and orders." Dkt. 1-1 at 8. Therefore, the Court finds that GT Performance has sufficiently stated a claim upon which relief may be granted, and Koyo's motion to dismiss is **DENIED**.

As a final matter, this Court notes that on August 23, 2013 Lewis & Kappes, P.C., and Attorney's Sara R. Blevins and Suzanne R. Gaidoo, were allowed to withdraw as counsel for GT Performance (Dkt. 44). Importantly, a corporation may not represent itself and therefore, GT

Performance Group, LLC., must have an attorney. See *Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857-58 (7th Cir. 2011). Likewise, a limited liability company, like a corporation, cannot litigate in a federal court unless it is represented by a lawyer. *United States v. Hagerman,* 549 F.3d 536, 537 (7th Cir.2008). Accordingly, GT Performance is **ORDERED** to retain counsel within 14 days of this entry.

### III.   CONCLUSION

For the reasons set forth above, Koyo's motion to dismiss under Rules 12(b)(2), (3) and (6), or in the alternative, motion to transfer (Dkt. 21), is **DENIED**. Additionally, GT Performance must retain counsel by September 20, 2013.

SO ORDERED.

Date: 09/06/2013

                                                  Hon. Tanya Walton Pratt, Judge
Distribution:                                  United States District Court
                                                  Southern District of Indiana

GT PERFORMANCE GROUP, LLC.
4180 E. State Road 62
Cross Plains, IN 47017

Peter J. Sewell
SEWELL O'BRIEN & NEAL, PLLC
psewell@sonlegal.com